GLADNEY, Judge.
The plaintiff in this suit, the General Committee of Adjustment, Brotherhood of Locomotive Engineers, Kansas City Southern Railway, seeks a declaratory judgment against a similar committee of the Louisiana & Arkansas Railway, both committees being subordinates or subgroups of the Grand International Brotherhood of Locomotive Engineers. Specifically the Court is asked to declare that said Committee of the Louisiana & Arkansas Railway be legally barred from negotiating and reasserting its claims with reference to the allocation of work between the engineers of the two railroads in the Deramus Yards of Shreveport. The case was submitted to the trial court on a stipulation of facts and after consideration the court sustained an exception of no cause and no right of action with rejection of plaintiff’s demands. The court held that the issue raised by plaintiff’s petition was properly settled and included within the constitution, by-laws, and standing rules of the organization, and, accordingly under such circumstances it should not interfere in the internal affairs of a voluntary unincorporated association. Being displeased with this decision, plaintiff lodged this appeal. Counsel for both litigants have indicated in their briefs that any judgment rendered in this matter may be considered as disposing of the case on its merits.
Following merger of the KCS and L & A Railroads, the Deramus Yards performed functions formerly rendered by two separate facilities in this area. This change resulted in a curtailment of working hours available to the locomotive engineers of the railroads involved, each of which was represented by four divisions, or locals. The general committee of adjustment, as stated above, at that time represented eight divisions of the locomotive engineers of the KCS and L & A. This committee gave consideration to the problem presented and arrived at a decision which changed the reallocation of the work between the divisions involved and, following mediation required to secure approval of the carrier, the findings of the committee culminated in a written agreement on October 27, 1955, promulgation of which was effected on August 5, 1956.
The action was unsatisfactory to the L & A divisions, which, however, in anticipation of an adverse decision had taken administrative steps to secure approval to withdraw from the general committee of adjustment as it then existed and to form a similar but separate committee to represent the four L & A divisions. Efforts in this direction eventually resulted in favorable *206 action and on October 2, 1956, the General. Committee of Adjustment, Brotherhood of Locomotive Engineers of the L & A Railroad was created composed of the four L & A divisions. Through convention action also the method of allocating the work which formed the basis for the October 27, 1955 agreement was rejected. Thereafter the Grand Chief Engineer directed the chairman of both general committees of adjustment to negotiate. The chairman of the KCS Committee declined to accede to this direction and as a result of the impasse, plaintiff brought this action seeking a declaration of its rights. Both parties to the suit agree that the matter has run its course in its organization and is administratively final.
Counsel for appellant charges that the lower court erred in holding:
1. That the action taken by the convention of the International Brotherhood of Locomotive Engineers in 1962 was a fair and faithful application of the standing rules, by-laws and constitution of the organization, and,
2. That the rules of the international order permit a dispute determined within one general committee of adjustment to be subsequently settled according to the procedure for settlement between two general committees of adjustment. Being more specific, counsel for appellant states the issue to be:
“After August 5, 1956 when the vote of the General Committee of Adjustment, KCS and L & A was promulgated by letter, did the L & A division forever lose the right to appeal the decision or did the constitution and rules of the order accord the right to continue to protest the October 27, 1955 agreement ?”
It is argued by counsel for appellant that the Standing Rules of 1953 of the Grand International Brotherhood of Locomotive Engineers provide in Section 30(b) that a division may appeal from a decision of the General Chairman made by the session of the General Committee of Adjustment to the General Committee:
“ * * * provided such appeal is filed with the General Chairman 30 days prior to the meeting of the General Committee.”
«* * * >>
And also under Section 31(a), an appeal may be taken from the General Committee of Adjustment or General Chairman to the members of the system:
“if made within 90 days from date of such decision * *
Section 29 of the Standing Rules of 1956 contains substantially the same provision. It is conceded that the General Committee of Adjustment vote was promulgated on August 5, 1956 and that no vote on the agreement of October 27, 1955 was ever requested or taken of the membership on the system within said General Committee of Adjustment, KCS and L & A. It must be noted, however, that before the 90 day period mentioned in Section 31 ended, the General Committee of Adjustment, L & A, was officially created and subsequent thereto the controversy was treated as a dispute between two separate general committees of adjustment, rather than a dispute within one general committee of adjustment. Counsel for appellant therefore takes the position that upon the failure of the L & A divisions to appeal within the General Committee KCS and L & A as provided in Section 30(b) the new General Committee of Adjustment, L & A, was thereafter without remedy and the agreement of October 27, 1955 became final and binding upon said L & A divisions. To the contrary, it is argued that the new General Committee of Adjustment, L & A came into being and displaced the membership of the four L & A local divisions in the former General Committee of Adjustment and this occurred during the 90 day period for taking an appeal as provided in Section 31 of the rules. Plaintiff agrees that if the defendant had the right to so appeal it did so timely. *207 This question was fully discussed by the trial judge, with whose views we find ourselves in full accord. He declared:
“The defendants’ exception of no cause or right of action must be maintained. The contention of plaintiff that the Standing Rules of the Grand International Brotherhood make the decision of the General Committee on all matters brought before it final, in the absence of timely appeal to the system membership, does not impress the Court as applicable. The designated sections of these rules provide only for settlement of disputes between members of Divisions within the General Committee of Adjustment making the decision. There is no contention that a General Committee of Adjustment can make a decision affecting rights of union members or Divisions not belonging thereto. The plaintiff has not directed us to any authority for the proposition that a decision of a General Committee gives any of its members vested rights as against ex-members of the organization, who were members at the time of the decision. Even were that proposition sound, the fact that the decision had not become final, the time for appeal not having elapsed, would render it inapplicable. No provision of the Constitution, By-Laws, or Standing Rules provide for the continuing effect of such a decision on members of the General Committee who subsequently leave it. Indeed, the Standing Rules provide for the repeal of such a decision by the General Committee which made it. As pointed out above, the Constitution of the Brotherhood provides that the decisions of the Grand International Division are the supreme law for all members. The Grand International provided for the separation of the General Committee into the two new ones. This action was taken before the time for appeal to the system membership had become final. The manner prescribed by the Brotherhood for the settlement of disputes between two General Committees is a different procedure from that provided for disputes within a General Committee. There was at that point no longer any necessity or reason for an appeal from the decision of the old General Committee. The procedure for settlement of disputes between different General Committees now governed the matter, and this procedure has not yet been exhausted.”
After reviewing the record it is our opinion that the trial court correctly held that the action taken by the Fourteenth Triennial Convention of the International Brotherhood of Locomotive Engineers in 1962 was in accordance with and was a fair and faithful application of the standing rules, by-laws, and constitution of said organization. Further, we agree with the court in holding that the creation of the separate general committee on adjustment obviated the necessity of any appeal to the system from -the findings of the old committee.
For the reasons hereinabove set forth, judgment of the trial court is affirmed at appellant’s cost.